# United States Bankruptcy Court
## Western District of Louisiana

Case No.: 11−12338
Chapter: 13

**In Re:**

| | |
|---|---|
| Lester Slaughter<br>835 Ford Rd.<br>Homer, LA 71040 | Alexis Slaughter<br>aka Alexis Eukisa Mims Slaughter<br>835 Ford Rd.<br>Homer, LA 71040 |

**Social Security No.:**

xxx−xx−9257                                        xxx−xx−5304

**Employer's Tax I.D. No.:**

---

### ORDER REGARDING SUSPENSION OF GLAY H. COLLIER, II

On July 30, 2015, this Court entered an order prohibiting attorney Glay H.Collier, II, his agents, assigns, and employees from providing "bankruptcy assistance" to any "assisted persons," as those terms are defined in 11 U.S.C. § 101, until July 26, 2018. See Hodge v. Collier, Case No. 14−01009, Docket No. 41. 11 U.S.C. § 101(3) defines an "assisted person" as "any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $186,825." This Court assumes all debtors Mr. Collier currently represents are "assisted persons" by this definition. A review of the court records reflects that Mr. Collier represents debtors in many pending cases. In order to provide some direction to the debtors represented by Mr. Collier, as well as other parties involved in those cases, it is hereby ordered that:

(1) the Clerk of the Bankruptcy Court is directed to file a copy of this order in every open case in which Mr. Collier represents the debtor;

(2) any debtor who is represented by Mr. Collier shall be deemed to be proceeding pro se during the term of Mr. Collier's suspension unless and until they employ alternative counsel who enrolls as counsel of record;

(3) any notice to be served upon a debtor represented by Mr. Collier shall be made directly upon the debtor;

(4) Mr. Collier will remain entered as counsel in the record and will continue to receive notification of filing through the CM/ECF system unless or until a party seeks to replace him as counsel;

(5) while Mr. Collier is prohibited from providing "bankruptcy assistance" to his "assisted person" clients, this does not prohibit him from communicating with his clients for the purpose of assisting them in employing alternative counsel.

Date: August 5, 2015

/s/ Jeffrey P. Norman
JUDGE, U.S. BANKRUPTCY COURT